IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TERRIVEO GEORGE, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | CIVIL ACTION NO.: 1:12-CV-1 (WLS) |
| Attorney General SAM OLENS; : | |
| GEORGIA STATE BOARD : | |
| OF PARDONS AND PAROLES; : | |
| GEORGIA DEPARTMENT OF : | |
| CORRECTIONS; KENNETH TUCKER; : | |
| FELIX LATIMORE; : | |
| : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. : | BEFORE THE U.S. MAGISTRATE JUDGE |
| _____ : | |

### **RECOMMENDATION**

Petitioner **TERRIVEO GEORGE**, a parolee located in Quincy, Florida, has filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner also requested to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) and the Court granted this motion in an Order dated January 10, 2012. (ECF No. 5).

This matter is before this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides as follows:

> The clerk must promptly forward the [habeas corpus] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

### **I. PROCEDURAL HISTORY**

Petitioner seeks to challenge his September 27, 2007 conviction in the Decatur County Superior Court. Petitioner states he pled "no contest" to possession of cocaine with intent to

distribute and was sentenced to eight years in prison. Petitioner was released on parole on April 8, 2009.[1] In response to this Court's Order to Supplement, Petitioner indicates that he was "paroled out of Georgia Department of Corrections by Interstate Compact with Florida Department of Corrections and State of Florida." (ECF No. 6). Petitioner explains that his "parole officer is Felix Latimore of Florida Department of Corrections." (ECF No. 6).

Petitioner states he did not file a direct appeal from his September 27, 2007 "no contest" plea. (ECF No. 1 at 2).

According to Petitioner, he filed his first state habeas action in the Superior Court of Decatur County on February 16, 2010. (ECF No. 1 at 3). In an Order dated April 2, 2010, that Court explained as follows:

> The above-captioned Application for Writ of Habeas Corpus having been read and considered, it appears from the face of the Petition that it is improper. Specifically, the Petition violates O.C.G.A. § 15-19-51 because it was not drafted by the Petitioner or an attorney licensed to practice law in this State. The Court notes that there is no evidence that the drafter is a licensed attorney, or that the drafter has been appointed as the legal guardian of the Petitioner.
> (ECF 1-1 at 4).

The Superior Court of Decatur County directed the Clerk of Court to return the original habeas petition to Petitioner. (ECF 1-1 at 4).

Petitioner explains that he filed a second state habeas corpus petition in the Decatur County Superior Court on April 26, 2010. That Court dismissed the second petition on December 16, 2010 because it did "not have jurisdiction over the matter." (ECF 1-1 at 9).

### III. STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2244 (d)

The Antiterrorism and Effective Death Penalty Act (AEDPA), which went into effect on April 24, 1996, "imposes a one-year statute of limitations on all federal habeas corpus petitions." *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). The relevant provisions in 28 U.S.C.

---

[1] Information at www.dcor.state.ga.us shows Petitioner's current status as on parole and shows his actual release date as April 8, 2009.

§2244 (d) are as follows:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner signed and dated this habeas corpus petition December 28, 2011. As explained above, Petitioner is challenging a September 27, 2007 conviction and sentence. Petitioner's one year limitations period started to run from the date his judgment of conviction became final "by the conclusion of direct review or the expiration of time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner pled "no contest" and did not file a direct appeal from his conviction and sentence. Therefore, his conviction became final upon "the expiration of time for seeking" appellate review. *Gonzalez v. Thaler,* 132 S. Ct. 641 (2011) (explaining that when a habeas petitioner does not pursue direct review all the way to the Supreme Court of the United States, his

---

[2] Petitioner does not allege, and the habeas applications contains no indication, that 28 U.S.C. § 2244(d)(1)(B)-(D) apply to his case.

3

judgment is final "when the time for pursuing direct review in this Court, or in state court, expires"); ***Bridges v. Johnson***, 284 F.3d 1201, 1202 (11th Cir. 2002). It appears this would have been thirty days after entry of his "no contest" plea, or October 27, 2007. O.C.G.A. § 5-6-38 (providing thirty days to file a notice of appeal).

Therefore, Petitioner had until October 27, 2008 to file his federal habeas corpus petition in this Court or to properly file "an application for State post-conviction or other collateral review" in order to toll the running of the statute of limitations. 28 U.S.C. §2244 (d) (2). Petitioner states he did not file any type of action until February 16, 2010, when he filed his first state habeas corpus petition. Even assuming this petition was a "properly filed,"[3] the statute of limitations had already expired approximately one year and four months earlier. While a properly filed "application for State post-conviction or other collateral review" can toll the one-year federal limitations period, it cannot reset it. ***Webster v. Moore***, 199 F.3d 1256, 1259 (11th Cir. 2000); ***See Tinker v. Moore***, 255 F.3d 1331, 1333 (11th Cir. 2001) (explaining that a state court habeas petition that is filed following the expiration of the federal limitations period cannot toll that period).

Petitioner claims that "the time bar should not apply in this case because [he] never received anything from Decatur County Clerk (sic) Office concerning state habeas" despite his many attempts to receive information. Presumably, Petitioner is referring to an alleged lack of notice of the judgments in both of the state habeas cases. (ECF No. 1-1 at 6). However, the lack of notice regarding these judgments is irrelevant. The statute of limitations had run long before Petitioner even filed the first habeas corpus petition in the Decatur County Superior Court on February 16, 2010.

---

[3] It does not appear that this habeas corpus petition was properly filed. The Decatur County Superior Court ordered that the Petition was "not sanctioned" and returned the original to Petitioner. (ECF No. 1-1 at 4). However, the Court will assume, for the sake of argument, that the February 16, 2010 petition was properly filed.

4

In addition to the statutory tolling provided in 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is subject to equitable tolling in certain exceptional cases. *See Holland v. Florida*, 130 S. Ct. 2549 (2010). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence'." *Steed v. Head*, 291 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1291 (11th Cir. 1999)). Petitioner bears the burden of showing that equitable tolling applies in his case. *Drew v. Dep't of Corr*., 297 F3d 1278, 1286 (11th Cir. 2002). Petitioner has not alleged any extraordinary circumstances that were beyond his control and that were unavoidable with diligence. Therefore, he is not entitled to equitable tolling.

Consequently, the current 28 U.S.C. § 2254 petition is untimely and is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.[4]

### IV. CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a [COA]

---

[4] In *Jackson v. Sec'y for the Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002), the Eleventh Circuit held that a "district court may review *sua sponte* the timeliness of the section 2254 petition." *Id*. at 1349. The Supreme Court has held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). The Supreme Court held, however, that "before acting on its own initiative, a court must accord the parties fair notice to present their positions on the timeliness issue." *Id.* This Recommendation provides Petitioner "fair notice" of the timeliness issue and gives Petitioner an opportunity to present his position on the issue by filing objections to the Recommendation. *See Butler v. Frazier*, No. 1:11-CV-682-TWT-ECS, 2011 U. S. Dist. LEXIS 47237 at *2 n.1 (N. D. Ga. May 31, 2011); *Rogers v. Superior Court of Laurens County*, No. CV 311-001, 2011 U. S. Dist. LEXIS 32258 (S. D. Ga. March 18, 2011)(Recommendation to dismiss 28 U.S.C. § 2254 action as untimely).

when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

" A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1).  To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise.  28 U.S.C. § 2253(c)(2); ***Slack v. McDaniel***, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Because the petition is clearly time barred, Petitioner cannot satisfy the second prong of the *Slack* test.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

Accordingly, the Undersigned **RECOMMENDS** the instant petition be **DISMISSED** as time barred and that the Court deny a COA in its final order.

Under 28 U.S.C. § 636(b)(1) Plaintiff may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this  Recommendation.

**SO RECOMMENDED**, this 8th day of February, 2012.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE


lnb