# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| TERRIVEO GEORGE, | : |
| Petitioner, | : |
| v. | : Case No. 1:12-cv-1 (WLS) |
| SAM OLENS, *et al.*, | : |
| Respondents. | : |

## ORDER

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed February 8, 2012. (Doc. 7). It is recommended that the Court deny as untimely Petitioner's 28 U.S.C. § 2254 habeas corpus petition (hereinafter "§ 2254 Petition"), which challenges Petitioner's September 2007 Decatur County conviction and sentence for possession of cocaine with intent to distribute (Doc. 1). (Doc. 7 at 5, 6). The Court's denial of Petitioner's certificate of appealability is also recommended. (*Id.* at 6).

The Report and Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*). On February 21, 2012, six days prior to the February 27, 2012 expiration of the objections period,[2] Petitioner's mother Elaine McCants filed an Objection, entitled "Response to Recommendation," on Petitioner's behalf. (*See* Doc. 8). Petitioner signed the Petition.[3] (*Id.* at 4).

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] Because the actual deadline for filing objections—Saturday, February 25, 2012—fell on a weekend, the deadline was extended to Monday, February 27, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] The Court notes that McCants is not authorized to present the Objection on Petitioner's behalf, as she is not Petitioner's attorney, is not authorized to practice law, and has not been otherwise declared legally competent by a court to be Petitioner's legal guardian.

Therein, McCants appears to contend that Petitioner's § 2254 Petition was untimely due to Petitioner's mental disability, with which he was diagnosed in 2000. (*Id.* at 1). In making this argument, McCants states that Petitioner "got out of prison in April 2009 and [McCants] . . . got out of prison in [December] 2009," thereby leaving no competent person to file the habeas petition on Petitioner's behalf until now. (*Id.* at 2). Thus, McCants submits that Petitioner is entitled to equitable tolling due to the newly discovered evidence which Petitioner could not have earlier discovered as a result of his mental disability. (*See id.* at 3 ("If [P]etitioner could have filed motions within the AEDPA . . . he would have, but his mental disability prohibited such.")).

Finally, McCants argues the merits of Petitioner's § 2254 Petition. First, she disputes the facts related to Petitioner's conviction, i.e., that the stop and search that led to the discovery of the cocaine in the vehicle driven by Petitioner were unconstitutional. Next, she attempts to establish Petitioner's alleged mental illness, as well as the ineffective assistance of Petitioner's trial counsel, as evidence of the impropriety and unlawfulness of Petitioner's conviction. (Doc. 8 at 2 ("[Petitioner] is a prejudiced victim of ineffective assistance of counsel, wrongful conviction or coerced plea or manipulated confession, for surely he didn't know what he was confessing to.")).

It is clear from the Recommendation and the Court's review of the § 2254 Petition that Petitioner was untimely in bringing his § 2254 claims to the Court. Petitioner, through McCants's representation, does not dispute this. Judge Langstaff was therefore correct that the federal limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired by the time Petitioner filed his state habeas petition in February 2010 and most certainly, by the time he filed his federal habeas petition in January 2012 in this Court.

2

And contrary to the purported assertions of Petitioner's Objection, Petitioner's alleged mental impairment is not applicable in this case to equitably toll the AEDPA statute of limitations. In order for mental impairment to justify tolling the statute of limitations under the AEDPA, it "must have *affected* the petitioner's ability to file a timely habeas petition." Ham v. Owens, No. 7:10-CV-40 (HL), 2011 WL 550705, *1 (M.D. Ga. Feb. 9, 2011) (emphases added) (citations omitted); *see also* Variali v. King, No. Civ.A. 03-0598-CG-M, 2006 WL 648346, *1 (S.D. Ala. March 13, 2006). ("The statutory deadline is not equitably tolled merely because petitioner is mentally challenged."). That is, mental impairment must causally correlate with the petitioner's ability to timely file a petition. Id. (citation omitted). Here, however, Petitioner, through his mother, has failed to present any evidence or proof of his mental incapacity or much less, to even allege the nature of his mental incapacity. Lingo v. Jones, 2010 WL 1856089, *4 (M.D. Ala. March 5, 2010) ("A petitioner must make a threshold showing of incompetence . . . [for equitable tolling based on mental incompetence]."), *accepted and adopted by* 2010 WL 1856088 (M.D. Ala. May 4, 2010).

Rather, McCants solely states that Petitioner is mentally disabled and that this mental disability prohibited his compliance with the statute of limitations. This is not enough to meet the equitable tolling standard for mental incapacity. *See* Ham, 2011 WL 550705, *1 ("[B]eing unfamiliar with the legal process, whether because of illiteracy or another reason, does not merit equitable tolling."). Petitioner is therefore unable to show exactly how his alleged mental incapacity precluded his timely filing of the § 2254 Petition.

Furthermore, the Court must note that because Petitioner was able to seek post-conviction relief through his state habeas corpus petition at a time when he allegedly suffered from a mental incapacity, Petitioner cannot now logically be declared mentally incompetent so as to excuse his late filing and warrant equitable tolling in this habeas proceeding. Accordingly, the Court does

3

not consider the substantive claims of the Objection, as the § 2254 Petition cannot overcome this timeliness error.

Plaintiff's Objection (Doc. 8) is thereby **OVERRULED**, and U.S. Magistrate Judge Langstaff's February 8, 2012 Report and Recommendation (Doc. 7) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  Plaintiff's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 (*see* Doc. 1), is **DENIED**.  The Court further **DENIES** Petitioner a certificate of appealability for failure to make a substantial showing of the denial of a constitutional right, sufficient to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this  24th  day of April 2012.

                     /s/ W. Louis Sands
                     **THE HONORABLE W. LOUIS SANDS,**
                     **UNITED STATES DISTRICT COURT**